UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**COTRENA CHAMBLISS,**                                    THE HON.

    Plaintiff,                                                   CASE NO.

VS.

**PEARSON EDUCATION, INC.,**

    Defendant.
_____/

LEDERMANLAW, PC
BY: Howard Yale Lederman (P36840)
Attorneys for Plaintiff
838 West Long Lake Road, Suite 100
Bloomfield Hills, Michigan 48302
(248) 792-0476
hledermanlaw@gmail.com
_____/

## COMPLAINT

PLAINTIFF COTRENA CHAMBLISS **[PLAINTIFF CHAMBLISS]**, by her undersigned counsel, LEDERMANLAW, PC, complains against DEFENDANT PEARSON EDUCATION, INC. **[DEFENDANT PEARSON]**, an educational testing company, under the Americans With Disabilities Act, Title III, 42 U.S.C. Sec. 12142 for disability discrimination, under the Michigan Persons With Disabilities Act, MCL 37.1501 et seq, for disability discrimination, and under the Michigan Elliott-Larsen Civil Rights Act **[MELCRA]**, MCL 37.2401 et seq, for age and racial discrimination, as follows:

**PARTIES, JURISDICTION AND VENUE**

1

1. At all relevant times, Plaintiff Chambliss has been a resident of the City of Royal Oak, County of Oakland, State of Michigan.

2. At all relevant times, Defendant Pearson was an educational testing company.

3. At all relevant times, Defendant Pearson, through its headquarters was In the City of Bloomington, State of Minnesota, on information and belief, was soliciting customers and clients in the State of Michigan.

4. At all relevant times, Defendant Pearson, though its headquarters was in the City of Bloomington, State of Minnesota, on information and belief, was contracting with customers and clients to furnish test sites.

5. At all relevant times, Defendant Pearson had a registered service of of process agent in the City of Plymouth, County of Wayne, State of Michigan. (Exhibit 1, Michigan Corporations Division Corporation Search Summary)

6. On information and belief, all known events leading to this lawsuit occurred at the Pearson test site at 26555 Evergreen Road, Suite 125, Southfield, Michigan 48076 (Exhibit 2, Pearson Vue Test Centers in Michigan).

7. Plaintiff Chambliss claims damages exceeding $50,000, excluding litigation and statutory attorney fees, costs, and interest.

8. Based on paragraphs 1-6 above, this Court has subject matter jurisdiction over Plaintiff Chambliss' claims.

9. Based on paragraphs 1-6 above, this Court has personal jurisdiction over Defendants.

10. Based on paragraphs 1-6 above, the Eastern District of Michigan is proper venue.

## FACTUAL ALLEGATIONS

11. Plaintiff Chambliss incorporates her above Parties, Jurisdiction, and Venue Allegations into her Factual Allegations by reference.

12. In about 2012, her psychiatrist diagnosed Plaintiff Chambliss with a disability, Attention Deficit Hyperactivity Disorder **[ADHD]**.

13. In September 2021, her psychotherapist diagnosed her with Post-Traumatic Stress Disorder **[PTSD]**.

14. Plaintiff Chambliss's race is black.

15. Plaintiff Chambliss's age is over 40 years old.

16. From November 2008 to March 2012, Plaintiff Chambliss attended the University of Phoenix, and in 2012, she obtained her Masters of Science in Mental Health Counseling from the university.

17. In April 2012, Plaintiff Chambliss obtained a State of Michigan limited license to practice in Mental Health Counseling.

18. Within 10 years after graduating and obtaining her Masters Degree, Plaintiff Chambliss needed to take an additional examination to obtain a full State Michigan license to practice in Mental Health Counseling.

19. On information and belief, all above full licensing candidates must take the additional examination at a Michigan-approved test site.

20. On information and belief, the only Michigan-approved test sites for the

3

additional examination were Pearson test sites.

21. On September 10, 2021, Plaintiff Chambliss appeared at Defendant Pearson's Southfield, Michigan test site by remote video technology to take the additional examination.

22. Before beginning to take the examination, Plaintiff Chambliss noticed a Pearson proctor at the test site.

23. After Plaintiff Chambliss began to take the examination, the proctor began telling her that she was not looking at her computer's camera.

24. But Plaintiff Chambliss was reading and answering the multiple choice examination questions.

25. She responded to the proctor's above statement, by telling him that she was reading and answering the questions.

26. But the proctor kept telling her that she was not looking at her computer's camera.

27. So, he was disrupting and interrupting her examination process repeatedly at least four-five times.

28. Since she was taking the examination, and she feared that the proctor would stop her from completing the examination, she could not and did not tell him to stop interrupting her examination process.

29. The examination had 200 multiple choice questions.

30. The examination takers, including Plaintiff Chambliss, were operating under a 240-minute, four-hour, examination time limit.

31. To our knowledge, Pearson's proctor did not repeatedly interrupt similarly situated nondisabled examination takers' examination process like this.

32. To our knowledge, Pearson's proctor did not repeatedly interrupt similarly situated non-black examination takers' examination process like this.

33. To our knowledge, Pearson's proctor did not repeatedly interrupt similarly situated examination takers' (below age 40) examination process like this.

34. As proximate results of Defendant Pearson's wrongful educational discrimination, Plaintiff Chambliss has suffered the following damages:

   A. Compensatory damages, such as earnings and fringe benefits.

   B. Lost career opportunities.

   C. Loss of her limited license to practice her profession.

   D. Emotional damages, such as anxiety, depression, embarrassment, and humiliation.

   E. Litigation costs and attorney fees.

**COUNT I-US AMERICANS WITH DISABILITIES ACT [ADA] VIOLATIONS**

35. Plaintiff Chambliss incorporates her above Parties, Jurisdiction, and Venue Allegations and his Factual Allegations into her Count I Allegations by reference.

36. Under the ADA, 42 USC Sec 12102(1) & (2), Plaintiff Chambliss has a Disability impacting on major life activities and is a disabled individual.

37. Under the ADA, 42 USC Sec 12131(2), Plaintiff Chambliss is a qualified individual.

38. Under the ADA, 42 USC Sec 12181(6), Defendant Pearson is a private entity.

5

39. On information and belief, Defendant Pearson does not receive federal government financial assistance.

40. Under the ADA, 42 USC Sec 12181(7)(J), Defendant Pearson's testing center is a public accommodation.

41. By repeatedly interrupting Plaintiff Chambliss' testing process but not repeatedly interrupting nondisabled test takers' testing process, Defendant Pearson's proctor discriminated against Plaintiff Chambliss based on her disability.

42. Through its proctor's above actions, Defendant Pearson discriminated against Plaintiff Chambliss based on her disability.

43. As proximate results of Defendant Pearson's above wrongful educational discrimination, Plaintiff Chambliss has suffered the damages outlined in paragraph 34 above.

**COUNT II-MPWDCRA DISABILITY DISCRIMINATION**

44. Plaintiff Chambliss incorporates her above Parties, Jurisdiction, and Venue Allegations, her Factual Allegations, and her Count I Allegations into her Count II Allegations by reference.

45. Under the PWDCRA, MCL 37.1103(d), Plaintiff Chambliss has a disability impacting on major life activities and is a disabled individual.

46. Under the PWDCRA, MCL 37.1103(d), Plaintiff Chambliss was qualified to take the above examination.

47. Plaintiff Chambliss' disability was not related to her ability to take and complete the above examination.

6

48. Under the PWDCRA, MCL 37.1301, Defendant Pearson's testing center is a public accommodation.

49. By repeatedly interrupting Plaintiff Chambliss' testing process but not repeatedly interrupting nondisabled test takers' testing process, Defendant Pearson's proctor discriminated against Plaintiff Chambliss based on her disability.

50. Through its proctor's above actions, Defendant Pearson discriminated against Plaintiff Chambliss based on her disability.

51. As proximate results of Defendant Pearson's above wrongful educational discrimination, Plaintiff Chambliss has suffered the damages outlined in paragraph 34 above.

**COUNT III-MELCRA AGE DISCRIMINATION (DISPARATE TREATMENT)**

52. Plaintiff Chambliss incorporates her above Parties, Jurisdiction, and Venue Allegations, her Factual Allegations, her Count I Allegations, and her Count II Allegations into her Count III Allegations by reference.

53. As a person over age 40, Plaintiff Chambliss was a protected person.

54. Under the MELCRA, Section 2301(a), Defendant Pearson's testing center is a place of public accommodation.

55. Under the MELCRA, Section 2401, Defendant Pearson is an educational institution.

56. Defendant Pearson, through its agent, its proctor, was predisposed to discriminate based on age and acted in accordance with that predisposition against Plaintiff Chambliss.

57. Defendant Pearson, through its agent, its proctor, was predisposed to discriminate based on age and acted in accordance with that predisposition against Plaintiff Chambliss.

58. Defendant Pearson, through its proctor, treated Plaintiff Chambliss differently from other similarly situated students of other ages regarding its testing environment based on unlawful consideration of Plaintiff Chambliss' age.

59. Under respondeat superior, Defendant Pearson is liable for its agent's, its proctor's, age discrimination.

60. By repeatedly interrupting Plaintiff Chambliss' testing process but not repeatedly interrupting younger test takers' testing process, Defendant Pearson's proctor discriminated against Plaintiff Chambliss based on her age.

61. Through its proctor's above actions, Defendant Pearson discriminated against Plaintiff Chambliss based on her age.

62. As proximate results of Defendant Pearson's above wrongful educational discrimination, Plaintiff Chambliss has suffered the damages outlined in paragraph 34 above.

**COUNT IV-MELCRA RACIAL DISCRIMINATION (DISPARATE TREATMENT)**

63. Plaintiff Chambliss incorporates her above Parties, Jurisdiction, and Venue Allegations, her Factual Allegations, her Count I Allegations, her Count II Allegations, and her Count III Allegations into her Count IV Allegations by reference.

64. As a black person, Plaintiff Chambliss is a protected person.

65. Under the MELCRA, Section 2301(a), Defendant Pearson's testing center is a

place of public accommodation.

66. Under the MELCRA, Section 2401, Defendant Pearson is an educational institution.

67. Defendant Pearson, through its agent, its proctor, was predisposed to discriminate based on race and acted in accordance with that predisposition against Plaintiff Chambliss.

68. Defendant Pearson, through its proctor, treated Plaintiff Chambliss differently from other similarly situated students of other races regarding its testing environment based on unlawful consideration of Plaintiff Chambliss' race.

69. Defendant Pearson's actions, through its agent's, its proctor's, actions Mr. were intentional.

70. Under respondeat superior, Defendant Pearson is liable for its agent's, its proctor's, racial discrimination.

71. By repeatedly interrupting Plaintiff Chambliss' testing process but not repeatedly interrupting different race test takers' testing process, Defendant Pearson's proctor discriminated against Plaintiff Chambliss based on her race.

72. Through its proctor's above actions, Defendant Pearson discriminated against Plaintiff Chambliss based on her race.

73. As proximate results of Defendant Pearson's above wrongful educational discrimination, Plaintiff Chambliss has suffered the damages outlined in paragraph 34 above.

**COUNT V-MELCRA RACIAL DISCRIMINATION (HOSTILE ENVIRONMENT)**

74. Plaintiff Chambliss incorporates her above Parties, Jurisdiction, and Venue Allegations, her Factual Allegations, her Count I Allegations, her Count II Allegations, her Count III Allegations, and her Count IV Allegations into her Count V Allegations by reference.

75. As a black person, Plaintiff Chambliss is a protected person.

76. Under the MELCRA, Section 2301(a), Defendant Pearson's testing center is a place of public accommodation.

77. Under the MELCRA, Section 2401, Defendant Pearson is an educational institution.

78. Defendant Pearson, through its agent, its proctor, was predisposed to discriminate based on race and acted in accordance with that predisposition against Plaintiff Chambliss.

79. Defendant Pearson, through its proctor, treated Plaintiff Chambliss differently from other similarly situated students of other races regarding its testing environment based on unlawful consideration of Plaintiff Chambliss' race.

80. Defendant Pearson, through its proctor, created a hostile and intimidating environment for Plaintiff Chambliss based on her race.

81. Defendant Pearson, through its proctor, discriminated against her through hostile and intimidating behavior and statements based on her race.

82. In the alternative, Plaintiff Chambliss' race was a significant factor in Defendant Pearson's decisions, through its agent, its proctor, to create a hostile and intimidating testing environment.

83. If Plaintiff Chambliss' race was not black, Defendant Pearson, through its agent, its proctor, would not have created a hostile and intimidating testing environment.

84. Defendant Pearson's actions, through its agent's, its proctor's, actions Mr. were intentional.

85. Under respondeat superior, Defendant Pearson is liable for its agent's, its proctor's, racial discrimination.

86. By repeatedly interrupting Plaintiff Chambliss' testing process but not repeatedly interrupting different race test takers' testing process, Defendant Pearson's proctor discriminated against Plaintiff Chambliss based on her race.

87. Through its proctor's above actions, Defendant Pearson discriminated against Plaintiff Chambliss based on her race.

88. As proximate results of Defendant Pearson's above wrongful educational discrimination, Plaintiff Chambliss has suffered the damages outlined in paragraph 34 above.

## CONCLUSION

THEREFORE, PLAINTIFF COTRENA CHAMBLISS respectfully requests this Court to:

A. Find in her favor.

B. Award her compensatory damages.

C. Award her exemplary damages.

D. Award her litigation and statutory attorney fees, costs, and interest.

E.  Grant her further relief in accordance with principles of equity and justice.

Dated: September 7, 2024                /s/Howard Yale Lederman
                                        LEDERMANLAW, PC
                                        BY: Howard Yale Lederman (P36840)
                                        Attorneys for Plaintiff
                                        838 West Long Lake Road, Suite 100
                                        Bloomfield Hills, Michigan 48302
                                        (248) 792-0476
                                        hledermanlaw@gmail.com

## DEMAND FOR JURY TRIAL

PLAINTIFF COTRENA CHAMBLISS, by her undersigned counsel, LEDERMANLAW, PC, demands a jury trial on all her above claims.

Dated: September 7, 2024                /s/ Howard Yale Lederman
                                        LEDERMANLAW, PC
                                        BY: Howard Yale Lederman (P36840)
                                        Attorneys for Plaintiff
                                        838 West Long Lake Road, Suite 100
                                        Bloomfield Hills, Michigan 48302
                                        (248) 792-0476
                                        hledermanlaw@gmail.com

## LIST OF EXHIBITS

Exhibit 1, Michigan Corporations Division Corporation Search Summary.

Exhibit 2, Pearson Vue Test Centers in Michigan.

chamblissc\complaint 09 03 24